**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LENA HARDAWAY *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.  12-0735 (BAH) |
| | ) | |
| SYNERON, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

The Plaintiffs Lena Hardaway and Angelene Hardaway sue for fraud, breach of contract, and unlawful trade practices for what they allege was a bait and switch promotion by defendants Syneron, Inc., Radiance Medspa DC, and Radiance MedSpa Franchise Group, PLLC. *See* Compl., ECF No. 1.  Defendant Syneron, Inc., moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Def. Syneron, Inc.'s Mot. to Dismiss, ECF No. 13.  Since the federal statute the Plaintiffs invoke provides no private cause of action, and the terms of the promotion requires all claims arising therefrom to be brought in the courts of Cook County, Illinois, the Court will grant Syneron's motion to dismiss and will dismiss the case.[1]

---

[1]   Although neither Radiance Medspa DC nor Radiance MedSpa Franchise Group, PLLC, has appeared in the case, dismissal of the complaint against these defendants is merited for the same reasons Syneron Inc.'s motion will be granted.  In proceedings, as here, where a plaintiff is proceeding *in forma pauperis*, the Court is required to dismiss the case "at any time" it determines that the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  In addition, the Court "must" dismiss a case when it determines that subject matter jurisdiction is wanting.  Fed. R. Civ. P. 12(h)(3).

**BACKGROUND**

The Plaintiffs allege that on January 9, 2012, they responded to an announcement made a day earlier on the "Dr. Oz Show" of "a giveaway to the first lucky 25,000 viewers [for] a chance to win one Velashape treatment worth $400." Compl. ¶ 8. On January 19, 2012, the Plaintiffs received an e-mail from defendant Syneron, Inc., stating that they had been "selected to obtain a FREE VelaShape treatment at a participating VelaShape center[]." *Id*. On April 17, 2012, when the Plaintiffs presented Syneron's voucher for the free treatment to defendant Radiance Medspa DC, the "Radiance Medspa agent analyzed the treatment papers, and then brought both plaintiffs back to the treatment room and started [an] hour long sales presentation." *Id*. "The agent repeatedly tried to sale [sic] both plaintiffs . . . packages with a minimal of five treatments for $750." *Id*. When the Plaintiffs refused and requested the free treatment, the agent continued to attempt to sell the Plaintiffs a package "at a minimal . . . of four treatments for $600." *Id*.

Eventually, the Plaintiffs rescheduled their appointment for April 19, 2012, but "Plaintiff Lena" allegedly received a call from Radiance Medspa that morning and was told that Radiance Medspa "will not honor the free VelaShape treatment vouchers. The agent falsely claimed, now [that] the Plaintiffs 'are not candidates for the treatment.' " *Id*.

The Plaintiffs, proceeding *pro se*, filed this lawsuit on May 8, 2012, setting forth the following three claims: Count I: Breach of Contract, Compl. ¶¶ 14-17; Count II: Fraud, ¶¶ 18-28; Count III: "Federal Trade Commission Act 15 U.S.C. § 45 Prohibits Unfair or Deceptive Acts; 15 USC § 1125; DC § 31-5331 False Advertising; California Business & Professions Code §§ 17200," ¶¶ 29-35. They seek "Actual and Punitive damages not less than $153,000 . . . ." Compl. at 10.

**DISCUSSION**

Federal court jurisdiction is limited and is conferred generally by 28 U.S.C. § 1331, when a "federal question" is presented, and 28 U.S.C. § 1332, when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  The Plaintiffs purport to present a federal question by invoking the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45 (captioned "Unfair methods of competition unlawful; prevention by Commission").[2]  Compl. ¶ 7.  It is long-established that the FTCA does not provide a private cause of action.  *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 987-99 (D.C. Cir. 1973) .  Hence, the Court will grant the Defendant's motion to dismiss the complaint as to the federal claim under Rule 12(b)(1).

The Plaintiffs have sufficiently pleaded facts to come within this Court's diversity jurisdiction, 28 U.S.C. § 1332, insofar as they seek $153,000 in damages and none of the defendants resides in their state of Connecticut.[3]  The Plaintiffs have not addressed, however, and therefore have conceded, the Defendant's argument that their recourse under the terms of the "Giveaway" lies exclusively in the courts of Cook County, Illinois.  *See generally* Pls.' Opp'n

---

[2]   The Plaintiffs mention 15 U.S.C. § 1125, which provides a civil action for trademark infringement and has no apparent applicability to this case.

[3]   Syneron Inc. asserts that the Plaintiffs "cannot meet the amount-in-controversy requirement for diversity jurisdiction because they have not alleged a valid claim [for] punitive damages . . . ." Def.'s Mot. ¶ 5.  The Court can dismiss the complaint for this reason only if "it appears to legal certainty that the claim is for less than the jurisdictional amount." *Fed. Fire Protection Corp. v. J.A. Jones/Tompkins Builders, Inc.*, 267 F. Supp. 2d 87, 90 (D.D.C. 2003).   Under Illinois law, which, by the terms of the promotion, would govern the Plaintiffs' claims, punitive damages may be awarded for breach of contract "when the defendant is also found to have committed an independent tort."  *Hardin, Rodriguez & Boivin Anesthesiologists LTD v. Paradigm Ins.*, 962 F.2d 628, 638 (7th Cir. 1992).  Since, at this juncture, "the sum claimed by the plaintiff controls*," St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938), the Court cannot find with "legal certainty" that the Plaintiffs' common law claims are "really for less than the jurisdictional amount to justify dismissal."  *Id*. at 289.

to Def.'s Mot. to Dismiss, ECF No. 16; Def's Mot., Attach. (Official Rules stating that "[t]his Giveaway is governed by the laws of the State of Illinois, with jurisdiction and venue in Cook County, Illinois, and all claims must be resolved in the courts of Cook County, Illinois." ).  Such forum selection clauses are *prima facie* valid and presumptively enforceable, unless the resisting party shows that the clause is unreasonable under the circumstances, which the Plaintiffs have not shown here.  *See Marra v. Papandreou*, 216 F.3d 1119, 1124 (D.C. Cir. 2000); *Hara v. Choppers*, 2012 U.S. Dist. LEXIS 162552, 6-7 (D.D.C. Nov. 14, 2012)("When parties have agreed to a forum selection clause, the traditional analysis is altered and . . . the clause should control absent a strong showing it should be set aside.") (citations and internal quotations omitted); *Gipson v. Wells Fargo & Co.*, 563 F. Supp. 2d 149, 154 (D.D.C. 2008) ("presumption in favor of forum selection clauses" includes clauses in "non-negotiated boilerplate contracts.") (*citing Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)).  Hence, the Court will grant the Defendant's motion to dismiss the contract and fraud claims under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, the Court will grant the Defendant's motion to dismiss and will dismiss the case in part without prejudice to the Plaintiffs' pursuing the common law claims in an appropriate court in Illinois.

A separate Order accompanies this Memorandum Opinion.

/s/ *Beryl A. Howell*
_____

DATE:  March 8, 2013                    UNITED STATES DISTRICT JUDGE